**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| EDDIE S. STEELE, | : | PRISONER CIVIL RIGHTS |
| BOP # 21638-058, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:15-CV-1351-WSD-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Eddie S. Steele, confined in the Robert A. Deyton Detention Facility in Lovejoy, Georgia, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Court granted Plaintiff's request for leave to proceed *in forma pauperis*. [Doc. 8.] The case is now before the Court (1) for review under 28 U.S.C. § 1915A, and (2) on Plaintiff's motion to appoint counsel [Doc. 7]. For the reasons discussed below, the undersigned (1) recommends that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), and (2) orders that Plaintiff's motion to appoint counsel is denied.

I.   Standard of Review

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is

frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or

2

federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

II.  Discussion

Plaintiff brings this action against the following Defendants: Fulton County; the East Point Police Department; and East Point Police Officer Russell Popham. [Doc. 1 at 1, 3.] Plaintiff alleges that Officer Popham (1) coerced two witnesses to falsely identify Plaintiff as the perpetrator of an armed robbery, (2) improperly attempted to convince Plaintiff's mother to identify him as the perpetrator, and (3) improperly obtained an arrest warrant for Plaintiff based on the identifications. [*Id.* at 3-7.] Plaintiff seeks monetary relief. [*Id.* at 4, 8.] Plaintiff unsuccessfully sought to suppress the identifications in his criminal case, and a jury recently convicted him of the armed robbery. *See* Order & Jury Verdict, *United States v. Steele*, No. 1:14-cr-147-RWS-LTW-1 (N.D. Ga. Aug. 27, 2015 & Dec. 14, 2016). Plaintiff has appealed. *See United States v. Steele*, No. 16-17719 (11th Cir. filed Dec. 21, 2016).

Plaintiff may not sue the East Point Police Department because "police departments are not usually considered legal entities subject to suit . . . ." *Dean v.*

3

*Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It is unclear why Plaintiff wishes to sue Fulton County rather than the City of East Point. In any event, Plaintiff's effort to sue a local government fails because he does not allege that an official policy or custom caused a deprivation of his constitutional rights. *See Jordan v. Conway*, 441 F. App'x 761, 764 (11th Cir. 2011) (per curiam) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Any § 1983 claims that Plaintiff may have against Officer Popham or any other possible defendant in connection with Plaintiff's conviction cannot proceed at this time under *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff's conviction has not been reversed, expunged, or otherwise called into question, and his appeal is currently pending. It would be futile to grant Plaintiff leave to amend his complaint because *Heck* bars any § 1983 claims that he may have in connection with his conviction. *See Mims v. Anderson*, 350 F. App'x 351, 353

AO 72A
(Rev.8/82)

(11th Cir. 2009) (per curiam). Accordingly, Plaintiff's motion to appoint counsel [Doc. 7] is due to be denied.

III.   Conclusion

Based on the foregoing, **IT IS ORDERED** that Plaintiff's motion to appoint counsel [Doc. 7] is **DENIED**. The undersigned **RECOMMENDS** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 9th day of January, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)