# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EDDIE S. STEELE

        Plaintiff,

v.

FULTON COUNTY et al.,

        Defendants.

1:15-cv-1351-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Eddie S. Steele's ("Plaintiff") Objections [11] to Magistrate Judge John K. Larkins III's Final Report and Recommendation [9] ("R&R"). The R&R recommends this action be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), on the grounds that Plaintiff's allegations fail to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff alleges that, on December 3, 2013, Officer Russel Popham, of the East Point Police Department, used the false testimony of two witnesses to identify Plaintiff as the perpetrator of an armed robbery. (Compl. [1] at 3-5). Plaintiff further alleges Officer Popham improperly attempted to obtain a positive identification of Plaintiff from his mother. (Id. at 5-6). The false witness

identifications, according to Plaintiff, led to an improper warrant for his arrest being issued. (Id. at 6-7).

On April 23, 2014, Plaintiff was indicted for robbery and brandishing a firearm during it. See United States v. Steele, No. 1:14-cr-147-RWS-LTW ("Criminal Case"). During his criminal case, Plaintiff unsuccessfully moved to suppress the identifications. (Criminal Case [18], [72]). On December 14, 2016, a jury found Plaintiff guilty of the charges and he was sentenced to 108 months imprisonment. (Criminal Case [135], [162]). Plaintiff appealed his conviction. See United States v. Steele, No. 16-17719 (11th Cir. Filed Dec. 21, 2016).

On April 23, 2015, before conclusion of his criminal trial, Plaintiff filed his *pro se* Civil Rights Complaint pursuant to 42 U.S.C. §1983 [1] ("Complaint"), and an Application to Proceed *In Forma Pauperis* ("IFP") [2]. In his Complaint, Plaintiff asserts that the arrest warrant was a "blatant violation of [his] Fourth Amendment due process right," including because it was "based on perjured certifications, tampered evidence, false information, etc." (Compl. at 4, 6). Plaintiff seeks $2.5 million in damages. (Id. at 4).

On January 9, 2017,[1] the Magistrate Judge granted Plaintiff's IFP

---

[1] On April 29, 2015, Magistrate Judge E. Clayton Scofield III issued his R&R [3] ("First R&R") recommending that this action be dismissed without

Application and recommended that this action be dismissed pursuant to 28 U.S.C § 1915A(b)(1). ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted"). (R&R [9] at 5). The Magistrate Judge found that Plaintiff fails to state a claim against Fulton County and the East Point Police Department because Plaintiff does not allege that an official policy or custom caused a deprivation of his constitutional rights. (Id. at 4). The Magistrate Judge also found that Plaintiff's claims challenging the arrest warrant are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because Plaintiff's conviction has not been reversed, expunged, or otherwise called into question, and his claims, if successful, would necessarily question the invalidity of his conviction or sentence.[3]

On January 20, 2017, Plaintiff filed his Objections to the R&R [11] ("Objections").

---

prejudice because Plaintiff had filed a motion to suppress based on the same facts alleged in his Complaint. (First R&R [3] at 1). On October 3, 2016, the Court found that, because Plaintiff's motion to suppress was denied, the First R&R was now moot, and this civil action was re-referred to the Magistrate Judge. (Oct. 3, 2016, Order [6]).

[3] Having concluded that Plaintiff fails to state a claim for relief, the Magistrate Judge also denied Plaintiff's Motion to Appoint Counsel.

3

## II. DISCUSSION

### A. Legal Standard

#### 1. Review of Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). In view of Plaintiff's Objections to the R&R, the Court conducts a *de novo* review of the record.

#### 2. Review under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1914A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint [1] *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Padrus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2.d 26,28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App's 863, 864 (11th Cir. 2008).

 B. <u>Analysis</u>

Plaintiff does not assert any specific objections to the R&R. He simply "ask[s] these courts to move forward with suit because there[] [is] no reason to dismiss the case." (Objections [11] at 4). Plaintiff further states, "Officer Popham

conduct [sic] deprived me a right to face my accusers, due process, equal protection of the law, etc. . . ." (Id. at 3).

Plaintiff's objections are vague and conclusory and the Court is not required to consider them. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court."). In view of Plaintiff's *pro se* status, however, the Court conducts a *de novo* review of the record.

> 1. Claims Against Fulton County and City of East Point Police Department

Plaintiff asserts a § 1983 claim against Defendants Fulton County and East Point Police Department, alleging that "Fulton County supports the East Point Police Department, East Point Police Department supported Officer Popham[']s corrupt actions at the time of my arrest." (Compl. [1] at 7). "A government entity is liable under § 1983 for its employees' actions only when an employee executes the 'government's policy or custom.'" Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice so settled and permanent that it takes on the force of law." Cooper v. Dillon, 403 F.3d

6

1208, 1221 (11th Cir. 2005) (internal quotation marks, ellipsis, and citation omitted). Plaintiff fails to allege in his Complaint or his Objections facts to indicate a government policy or custom caused his alleged harm. Plaintiff fails to state a claim for relief against Fulton County and the East Point Police Department and these claims are dismissed.

### 2. Claims Against Officer Popham

Plaintiff asserts a § 1983 claim alleging that Officer Popham violated his Constitutional rights by coercing witnesses into identifying Plaintiff, inappropriately attempting to persuade Plaintiff's mother to identify him and improperly obtaining an arrest warrant using the identifications obtained. (R&R [9] at 3). When reviewing a claim under § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Plaintiff acknowledges, in the Objections, that "the claims in this suit is [sic] the reason the plaintiff los[t] his criminal case." (Objections [11] at 3). Plaintiff thus seeks relief that "necessarily impl[ies] the invalidity of his conviction or sentence," and his claims are barred under Heck. Heck, 512 U.S. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74,

81-82 (2005) (holding that a prisoner's civil rights action "is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff currently is appealing his armed robbery conviction, no facts indicate that his conviction has been reversed, expunged or invalidated, and pursuant to Heck, Plaintiff fails to state a claim upon which relief may be granted. (R&R [9] at 3). The Court, having conducted a *de novo* review of the R&R, agrees that this action is required to be dismissed under 28 U.S.C. § 1915A.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [11] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED** this 9th day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE